1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8   JAMES WILLIAMS,                    )
                                       )
9                  Plaintiff,          )        2:06-cv-00708-RCJ-PAL
                                       )
10  vs.                                )
                                       )        **ORDER**
11  NORTH LAS VEGAS DETENTION          )
    CENTER, *et al.*,                  )        (M/Status Check - #8)
12                                     )
                   Defendants.         )
13  _____)

14          This a civil rights action brought in *pro se* by James Williams ("Williams"), an inmate at the

15  Warm Springs Correctional Center.  Williams was granted leave to proceed *in forma pauperis.*  This

16  matter is ripe for consideration of filing the complaint and issuance of summons pursuant to 28

17  U.S.C. § 1915 after Williams paid the required initial installment.  Also before the court is the

18  plaintiff's Motion for a Status Check (#8).

19  **I.      Motion for Status Check**

20          The plaintiff makes this motion as part of a continuing effort to determine the status of his

21  case.  He filed his complaint in conjunction with his application to proceed *in forma pauperis* on

22  June 12, 2006.  (See Docket, #1.)  The court granted him leave to proceed *in forma pauperis* on July

23  14, 2006, and ordered him to pay an initial installment of $10.56.  (See Order, #2.)  Williams paid

24  his initial installment on July 25, 2006.  (See Docket, #3.)  At that time, his complaint was ripe for

25  screening pursuant to § 1915A.  Since that time, Williams has sent three letters (## 4, 5, 6), two

26  notices (## 7,8) and the instant motion to inquire into the status of his case.  For reasons the court

1    cannot discern, the complaint was not screened, and plaintiff received no responses to his inquiries.

2    The plaintiff requests a status conference to appraise him of the status of his case.  He also requests

3    that the court send a copy of every filing in the case and the docket sheet indicating that his own

4    copies of these documents were inadvertently destroyed and/or thrown away by staff at the

5    correctional facility where he is housed.

6          The court has now reviewed the procedural history of the plaintiff's case and, *infra*, screened

7    the plaintiff's complaint.  Although the plaintiff's request for documents filed in this case without

8    charge would normally not be granted, given the circumstances, the court will order the Clerk of the

9    Court to send the plaintiff the eight non-voluminous documents filed in his case, and a copy of the

10    docket sheet.

11    **II.**      **Screening of the Complaint**

12          Williams' complaint centers around three separate, but closely related, incidents.  The first

13    incident concerns his arrest by Officer Wright of the North Las Vegas Police Department

14    ("NLVPD").  Williams alleges that during the course of his arrest he was severely beaten although

15    he surrendered and did not resist arrest in violation of his rights under the Eighth Amendment.  He

16    indicates that he was kicked repeatedly, causing back injuries from which he continues to suffer

17    constant pain and for which he takes medication.  The second incident concerns the death of

18    Williams' wife, Margie Williams, who died in the custody of the North Las Vegas Detention Center

19    ("NLVDC").  Williams alleges that following his arrest and beating by Officer Wright, his wife was

20    taken into custody where she died from withdrawal, although police and medical staff were aware of

21    her medical condition.  Williams has attempted to resolve this claim under the Eighth and Fourteenth

22    Amendments through administrative grievances at the jail, NLVPD's Internal Affairs, and the

23    Mayor's Office.  The third incident concerns Williams' medical treatment during the course of his

24    detention at NLVDC.  He indicates that Toney Zakeeyaw, a nurse with NLVDC's medical care

25    provider Naphcare, initially refused to book him because of his back injuries, but after he was finally

26    / / /

1    booked the Naphcare medical staff refused him treatment for his injuries.  He argues that this denial

2    of medical care violates his rights under the Eighth and Fourteenth Amendments.

3         Pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a

4    prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

5    "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant

6    who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to

7    state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure

8    12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the

9    adequacy of a complaint or amended complaint.

10        Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See Chappel v.

11   Laboratory Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

12   claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

13   that would entitle him or her to relief.  See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).  In

14   making this determination, the Court takes as true all allegations of material fact stated in the

15   complaint, and the Court construes them in the light most favorable to the plaintiff.  See Warshaw v.

16   Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less

17   stringent standards than formal pleadings drafted by lawyers.  See Hughes v. Rowe, 449 U.S. 5, 9

18   (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*).

19        All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

20   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

21   conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

22   infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

23   factual allegations (*e.g.* fantastic or delusional scenarios).  See Neitzke v. Williams, 490 U.S. 319,

24   327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

25        The court has reviewed the complaint pursuant to 28 U.S.C. § 1915A, and finds that count I

26   states a claim under the Eighth Amendment, and count III states claims under the Eighth

1   Amendment and Fourteenth Amendment.  However, because Williams has not alleged and it does

2   not appear that he is the executor or administrator of his late wife's estate with the legal capacity

3   pursuant to Nevada Revised Code ("NRS") § 41.100(1) to file a wrongful death action on her behalf,

4   the court will dismiss count II of the plaintiff's compliant with leave to amend.  See Rose v. City of

5   Los Angeles, 814 F.Supp. 878, 881-82 (C.D. Cal. 1993) (dismissing mother's wrongful death claim

6   on the basis of being decedent's "heir" for failure to allege that she was also decedent's "personal

7   representative" under the California Probate Code entitling personal representatives to file suit on a

8   decedent's behalf).

9       Williams may amend his complaint, if he believes that he can demonstrate that he has the

10  legal capacity under NRS § 41.100(1) to file a wrongful death action on behalf of his late wife.

11  Otherwise, the matter may proceed on the complaint as drafted with the dismissal of count II.

12      Accordingly,

13      **IT IS SO ORDERED**

14          1.    The plaintiff's Motion for a Status Check (#8) is GRANTED to the extent the

15                Clerk of the Court shall send the plaintiff the documents filed in his case, with

16                a copy of the docket sheet.

17          2.    The Clerk of the Court shall **FILE AND DOCKET** the complaint received

18                June 12, 2006.

19          3.    Count II of the plaintiff's complaint is **DISMISSED WITHOUT**

20                **PREJUDICE**.

21          4.    Williams shall have thirty days from entry of this order to file an amended

22                complaint addressing the deficiency noted about his legal capacity to file an

23                action on behalf of his late wife.  If he does not file an amended complaint in

24                the time provided the matter shall proceed as to his first and third claims, but

25                shall be dismissed without prejudice as to the wrongful death claim asserted in

26                count II of his complaint.

4

5.      The Clerk of the Court shall file the Complaint, issue summons to the named defendants herein, and deliver same to the U.S. Marshal for service.  Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285.  Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any.  If Plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the Complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

Dated this 24th day of April, 2007.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5